UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: RHONDA LORIE OTERO SEDILLO,            No. 17-11525-j13

Debtor.

## MEMORANDUM OPINION AND ORDER
## REGARDING CERTIFICATION IN SUPPORT OF CHAPTER 13 DISCHARGE

Debtor's counsel did not sign the Certification in Support of Entry of Chapter 13 Discharge ("Certification"–Doc. 79) on NM LF 4004-1. The Chapter 13 Trustee requests the Court to deny the Debtor's request for discharge unless Debtor files an amended Certification signed by Debtor's counsel.[1] *See* Doc. 82. At a preliminary hearing held April 19, 2022, Debtor's counsel argued that requiring him to sign the Certification is a violation of the attorney-client privilege. He is concerned that requiring him to sign the Certification would cause him to reveal confidential client information, placing him in an ethical conflict of interest with his clients. The Court fixed an optional briefing schedule and took the matter under advisement. Debtor and the Chapter 13 Trustee each filed a brief.[2]

Debtor's counsel advocates for a revised local form certification that eliminates some of the certifications the debtor is required to make (the "Debtor's Certifications") as unnecessary and beyond the scope of what 11 U.S.C. §§ 1328(a) and (h)[3] require. Debtor's counsel also argues that he should not be required to sign the attorney certification included in Local Form 4004-1 (the "Attorney Certification") as a condition to the Debtor receiving a discharge because

---

[1] *See* Trustee's Objection to Debtor(s)' Motion for Entry of Chapter 13 Discharge and Notice of Time to Object ("Objection"–Doc. 82).
[2] *See* Points and Authorities by Debtor's Counsel Regarding Form for Local Rule 4004-1 (Doc. 86); *See* Trustee's Responsive Brief in Support of the New Mexico Local Form 4004-1, Certification of Discharge (Doc. 87).
[3] All future references to "Code," "Section," and "§" are to Title 11 of the United States Code unless otherwise indicated.

a) it is not required by the Bankruptcy Code or Bankruptcy Rules, and b) requiring counsel to sign the Attorney Certification violates the attorney-client privilege.

Having considered the arguments of the parties, the briefs, and applicable law, the Court has determined that, for the most part, the Debtor's required certifications in Local Form 4004-1 are appropriate, as is the requirement for Debtor's counsel to also sign a certification regarding the Debtor's eligibility for discharge.[4] But, for this case only, the Court has determined that the Debtor's counsel may sign an Attorney Certification with alternative certification language as specified below.

## DISCUSSION

### A. Debtor's Certifications

NM LBR 4004-1 requires a debtor to file a certification using NM LF 4004-1 as a condition to the Court granting the debtor a chapter 13 discharge. Debtor's counsel argues that several of the Debtor's Certifications required by NM LF 4004-1 are unnecessary and should be eliminated, and advocates for a change in the local form. New Mexico LF 4004-1 requires a debtor to make five numbered certifications.[5] Each of those certifications is tied to a section in the Bankruptcy Code governing eligibility for a chapter 13 discharge and serves as evidentiary support for the Court to conclude that a debtor should be granted a chapter 13 discharge.

*First Certification–Compliance with the Plan*

The first certification requires a debtor to aver that all payments required under the plan have been made and that the debtor has complied with the plan terms, including any modifications. Section 1328(a) provides that "as soon as practicable after completion by the

---

[4] Debtor's signature on the Certification using NM LF 4004-1 filed in this case (Doc. 79) renders moot counsel's request for changes to the Debtor's Certifications in this case. The Court nevertheless will address the propriety of the Debtor's Certifications as part of this opinion.
[5] *See* NM LF 4004-1, numbered paragraphs 1–5.

debtor of all payments under the plan . . . the court shall grant the debtor a discharge . . . ." Debtor's counsel argues that the first certification is duplicative of the Chapter 13 Trustee's Notice of Completion of Plan Payments given prior to entry of a discharge. The Court disagrees.

The Chapter 13 Trustee's Notice of Completion of Plan Payments only confirms that all payments required to be made to the Chapter 13 Trustee have been made. A debtor's plan may provide for direct payments to creditors. Such direct payments nevertheless are "payments under the plan," which under § 1328(a) must be completed as a condition to the grant of a chapter 13 discharge. *See In re Hoyt-Kiekhaben*, 546 B.R. 868, 871 (Bankr. D. Colo. 2016) ("[W]hen a chapter 13 plan provides for Direct Payments to a creditor, those payments are nevertheless payments 'under the plan.'" (quoting § 1328(a) and citing *In re Foster*, 670 F.2d 478 (5th Cir. 1982))). The Chapter 13 Trustee would not know whether a debtor made all required direct payments because those payments will not be made to the Chapter 13 Trustee for disbursement to the creditor. Yet a debtor's completion of all payments under the plan is a condition to the debtor receiving a chapter 13 discharge. Requiring debtors to certify that they have made all payments under the plan is not duplicative of the Chapter 13 Trustee's Notice of Completion of Plan Payments.

*Second Certification–Personal Financial Management Course*

The second certification confirms that a debtor has completed an instructional course concerning personal financial management. Debtor's counsel complains that this second certification is duplicative and unnecessary because a debtor will have already filed of record a Certificate of Completion of Personal Financial Management Course. Completion of the post-petition instructional course concerning personal financial management is a condition to

discharge found in § 1328(g).[6] Including this certification in the Debtor's Certifications results in the debtor certifying in one place that all of the conditions to a chapter 13 discharge set forth in § 1328 have been satisfied and imposes no burden on the debtor.

*Third Certification–Domestic Support Obligations*

Under §1328(a), a debtor may not receive a chapter 13 discharge unless certain of the debtor's domestic support obligations are paid, or the debtor owed no domestic support obligation when the debtor filed the bankruptcy petition and has not been required to pay any domestic obligation since that time.[7] The Code requires debtors to make this certification as a condition to receiving a chapter 13 discharge to show that the requirements of §1328(a) have been satisfied. The language in NM LF 4004-1 is consistent with the language in Director's Form B2830.

*Fourth Certification–Prior Bankruptcy Discharges*

The fourth certification requires a debtor to certify that he or she (i) has not received a discharge in any prior chapter 7, 11, or 12 bankruptcy case filed within the four-year period before the date the chapter 13 case was filed and (ii) did not receive a discharge in any prior chapter 13 case filed during the two-year period before the date debtor filed the current chapter 13 case.[8] These certifications track the language of § 1328(f), which provides that "the court

---

[6] Section 1328(g) provides:
    The court shall not grant a discharge under this section to a debtor unless after filing a petition the debtor has completed an instructional course concerning personal financial management described in section 111.

[7] Section 1328(a) provides, in relevant part:
    [I]n the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, *after such debtor certifies* that all amounts payable under such order or such statute that are due on or before the date of *certification* (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid . . . the court shall grant the debtor a discharge . . . .

(emphasis added).

[8] NM LF 4004-1, ¶ 4.

shall not grant a discharge" if the debtor has received a prior discharge as described in subsections (1) and (2).[9] It is reasonable to require a debtor to certify that he or she has satisfied this condition to receiving a chapter 13 discharge.

*Fifth Certification–Relating to Certain Bad Acts*

The fifth certification addresses the discharge eligibility requirements of § 1328(h),[10] which references § 522(q)(1).[11] Under § 1328(h), the Court may not grant the debtor a discharge

---

[9] Section 1328(f) provides:
> Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge—
> (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
> (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

[10] Section 1328(h) provides:
> The court may not grant a discharge under this chapter unless the court after notice and a hearing held not more than 10 days before the date of entry of the order granting the discharge finds that there is no reasonable cause to believe that—
> (1) section 522(q)(1) may be applicable to the debtor; and
> (2) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B).

[11] Section 522(q)(1) provides:
> As a result of electing under subsection (b)(3)(A) to exempt property under State or local law, a debtor may not exempt any amount of an interest in property described in subparagraphs (A), (B), (C), and (D) of subsection (p)(1) which exceeds in the aggregate $189,050 if—
> (A) the court determines, after notice ana a hearing, that the debtor has been convicted of a felony (as defined in section 3156 of title 18), which under the circumstances demonstrates that the filing of the case was an abuse of the provisions of this tittle; or
> (B) the debtor owes a debt arising from—
>   (i)   Any violation of the Federal securities laws (as defined in section 3(a)(47) of the Securities Exchange Act of 1934), any State securities laws, or any regulation or order issued under Federal Securities laws or State securities laws;
>   (ii)  fraud, deceit, or manipulation in a fiduciary capacity or in connection with the purchase or sale of any security registered under section 12 of 15(d) of the Securities Exchange Act of 1934 or under section 6 of the Securities Act of 1933;
>   (iii) any civil remedy under section 1964 of title 18; or
>   (iv)  any criminal act, intentional tort, or willful or reckless misconduct that caused serious physical injury or death to another individual in the preceding 5 years.

-5-

Case 17-11525-j13    Doc 88    Filed 07/01/22    Entered 07/01/22 14:10:18 Page 5 of 14

unless it finds, after notice and a hearing, that (i) there is no reasonable cause to believe that the limitations of § 522(q) may apply to the debtor, and (ii) there is no proceeding pending in which the debtor may be found guilty of a felony of the kind described in § 522(q)(1)(A) or liable for a debt of the kind described in § 522(q)(1)(B).

Debtor's counsel does not like the language in NM LF 4004-1 because it identifies the wrongful acts that trigger the restrictions of § 522(q) regardless of whether the aggregate amount of the debtor's claimed exemptions exceed a certain amount.[12] The Court is open to considering a change to the fifth certification in NM LF 4004-1 as it relates to § 1328(h), because the limitations of § 522(q) apply only if the aggregate amount of the debtor's exemptions exceed a certain amount. If the aggregate amount of a debtor's exemption in a residence, homestead, or burial plot does not exceed the exemption amount in § 522(p)(1), the debtor has satisfied the discharge requirement of § 1328(h). In this case, however, a change to the fifth certification is unnecessary because Debtor has already made the certification. (Doc.)  Some type of certification by the debtor regarding § 1328(h) is not only appropriate, but required. Because of the volume of chapter 13 cases, it is impractical for the Court to monitor in each case whether the debtor's exemptions exceed the amount that makes § 522(q) applicable.

---

[12] The language of Director's Form B2830 regarding § 1328(h) is titled "Certification Regarding Section 522(q)," and focuses on the limitations of the amount of the claimed exemption, rather than the bad acts that would trigger the limitation. Director's Form B2830 requires the debtor to certify *either*:
> I have not claimed an exemption pursuant to § 522(b)(3) and state or local law (1) in property that I or a dependent of mine uses as a residence, claims as a homestead, or acquired as a burial plot, as specified in § 522(p)(1), and (2) that exceeds $189,050 in value in the aggregate.

*Or*
> I have claimed an exemption in property pursuant to § 522(b)(3) and state or local law (1) that I or a dependent of mine uses as a residence, claims as a homestead, or acquired as a burial plot, as specified in § 522(p)(1), and (2) that exceeds $189,050 in value in the aggregate.

Further, based on the Debtor's Certifications, the Court sends out a Notice of Deadline for Filing Objections to Debtor's Discharge ("Notice") to all creditors and parties in interest, providing notice of the deadline to object to the entry of discharge, including an assertion that § 1328(h) prevents discharge. The Code requires the Court to provide this notice. *See* § 1328(h) ("The court may not grant a discharge under this chapter unless the court *after notice and a hearing* . . . finds that there is no reasonable cause to believe that" § 522(q)(1) may be applicable to the debtor and that there is no pending proceeding involving acts described in § 522(q)(1)) (emphasis added).[13] The fifth certification, coupled with no timely filed objection to the Notice, allows the Court to grant the chapter 13 discharge without conducting a hearing.

*Attorney Certification*

Debtor's counsel argues that he is not required to make any certifications as a condition to a debtor receiving a chapter 13 discharge. Counsel points out that nothing in Fed. R. Bankr. P. 4004, NM LBR 4004-1, or 11 U.S.C. § 1328[14] requires debtor's counsel to sign a certification in support of the debtor's chapter 13 discharge. New Mexico Local Bankruptcy Rule 4004-1 states:

> 4004-1 Debtor Certification in Support of Chapter 13 Discharge. As soon as practicable after completion of chapter 13 plan payments, the debtor shall file a certificate containing the information required by Code § 1302(d)(1)(C)(ii) and (iii) and Code §§ 1328(a) and (h). <u>Note:</u> *Form NM LF 4004-1 was created by the clerk for compliance with this rule.*

This local rule requires a debtor to file a certification in support of discharge and references a local bankruptcy form created for compliance with the local rule. Counsel's Attorney

---

[13] The Code defines "after notice and a hearing" to mean "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but . . . authorizes an act without an actual hearing . . . if . . . such a hearing is not requested timely by a party in interest . . . ." §§ 102(1)(A) and (B)(i).

[14] Debtor's Points and Authorities by Debtor's Counsel Regarding Form for Local Rule 4004-1 (Doc. 86) references § 1329. This appears to be a mistake. Section 1329 governs post-confirmation plan modifications.

-7-

Case 17-11525-j13    Doc 88    Filed 07/01/22    Entered 07/01/22 14:10:18 Page 7 of 14

Certification is part of, and therefore is required by, NM LBF 4004-1. But the fact that NM LBR 4004-1 requires the Attorney Certification on NM LF 4004-1 created for compliance with the local rule does not address counsel's other concerns about the Attorney Certification.

*Lack of Personal Knowledge*

Debtor's counsel suggests that signing the Attorney Certification regarding the Debtor's filing of prepetition tax returns and payment of domestic support obligations is problematic because counsel would not have personal knowledge of those things, or would need to rely on confidential client communications in order to obtain personal knowledge of those things. But the Attorney Certification does not require Debtor's counsel to confirm from personal knowledge whether all of the averments the Debtor is required to make in the Debtor's Certification are, in fact, true. Rather, the Attorney Certification asks the attorney to certify that "to the best of his knowledge and belief" the Debtor meets the eligibility requirements for discharge. This is not a certification that the Debtor's averments in the Debtor's Certifications are, in fact, true. It is a certification that the attorney has no knowledge or belief that any of the Debtor's Certifications are untrue or incorrect. It is akin to the requirement when filing a petition for counsel to certify that, if § 707(b)(4)(D) applies, the attorney's signature on the petition "constitute[s] a certification that the attorney has no knowledge after an inquiry that the information in the schedules filed with such petition is incorrect." § 707(b)(4)(D).

*Explaining the Debtor's Certifications to the Debtor*

The Attorney Certification requires Debtor's counsel to certify that he has explained the Debtor's Certification to the Debtor. This is not unreasonable. Debtor's counsel complains that the language in the form is too confusing to understand. But the language in the Debtor's Certification tracks the language in the Bankruptcy Code. It is part of counsel's job in

-8-

Case 17-11525-j13    Doc 88    Filed 07/01/22    Entered 07/01/22 14:10:18 Page 8 of 14

representing debtors in bankruptcy cases to make the Code's requirements, including the conditions to receiving a chapter 13 discharge, understandable. That is why it is helpful for an attorney explain to the client, in laymen's terms, what the certifications mean.

*Conflict of Interest; Attorney-Client Privilege*

Debtor's counsel asserts that requiring him to sign the Attorney Certification as part of the NM LF 4004-1 Certification places him in a conflict of interest with his client, suggesting that, if he has reason to know from confidential communications with his client that the client may, in fact, not qualify for a chapter 13 discharge, he has a duty under the attorney-client privilege to keep that information confidential and should not be forced to sign an Attorney Certification that he knows is untrue.

"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *In re Grand Jury Proc.*, 616 F.3d 1172, 1182 (10th Cir. 2010) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). It "is designed to permit clients to keep communications with their attorneys confidential, so they may freely seek legal advice." *Bhandari v. Artesia Gen. Hosp.*, 2014-NMCA-018, ¶ 10, 317 P.3d 856, 860. The New Mexico rule of evidence governing the scope of the attorney-client privilege provides that "[a] client has a privilege to refuse to disclose, and to prevent any other person from disclosing, a confidential communication made for the purpose of facilitating or providing professional legal services to that client[.]" Rule 11-503(B) NMRA.

However, the attorney-client privilege does not extend to communications between the attorney and the client if the communication reveals a client's intent to commit a future crime. *See Nix v. Whiteside*, 475 U.S. 157, 174 (1986) ("An attorney's duty of confidentiality, which totally covers the client's admission of guilt, does not extend to a client's announced plans to

-9-

Case 17-11525-j13    Doc 88    Filed 07/01/22    Entered 07/01/22 14:10:18 Page 9 of 14

engage in future criminal conduct."). New Mexico rule of professional conduct 16-106(B)(2) provides:

> **Disclosure of information; specific circumstances.** A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:
>
> (2) to prevent the client from committing a crime or fraud that is reasonably certain to result in substantial injury to the financial interests or property of another and in furtherance of which the client has used or is using the lawyer's services[.]

Consistent with Rule 16-106(B)(2) NMRA, the attorney-client privilege would not prevent a lawyer from disclosing a client's intent to sign a false certification seeking to obtain a discharge because lying on the certification signed under penalty of perjury may constitute a bankruptcy crime under 28 U.S.C. §§ 152(2) and/or (3), injuring the financial interests of the debtor's creditors whose debts will be discharged.[15] *See In re Burton*, 442 B.R. 421, 460 (Bankr. W.D.N.C. 2009) ("A party who knowingly and fraudulently . . . make[s] a false oath in connection with a bankruptcy case has committed a felony." (citing 18 U.S.C. § 152(2))); *see also In re Myers*, 382 B.R. 304, 310 (Bankr. S.D. Miss. 2008) ("[T]he attorney-client privilege does not exist as to legal representation procured in furtherance of fraud."). New Mexico Local Form 4004-1 and Director's Form B2830 require debtors to sign the certification in support of chapter 13 discharge under penalty of perjury.

If an attorney has reason to believe that his or her client is about to commit perjury by falsely signing the Debtor's Certification, counsel's first course of action is to urge the client not

---

[15]A person who—
  (2) knowingly and fraudulently makes a false oath or account in or in relation to any case under title 11;
  (3) knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to any case under title 11 . . . .
Shall be fined under this title, imprisoned not more than 5 years, or both.
18 U.S.C. §§ 152(2) and (3).

to take that unlawful act. *See Nix v. Whiteside*, 475 U.S. at 169 ("It is universally agreed that at a minimum the attorney's first duty when confronted with a proposal for perjurious testimony is to attempt to dissuade the client from the unlawful course of action.") (citing Model Rules of Professional Conduct, Rule 3.3, Comment). If the client insists on committing perjury, counsel may seek to withdraw from representing the client. *Id.* at 170 ("[W]ithdrawal from representation [is] . . . an appropriate response of an attorney when the client threatens to commit perjury.") (citing Model Rules of Professional Conduct, Rule 1.16(a)(1), Rule 1.6, Comment (1983)).

In sum, signing the Attorney Certification is not a violation of the attorney-client privilege because the privilege does not apply if counsel has reason to believe his or her client is about to commit a bankruptcy crime by falsely signing the Debtor's Certification under penalty of perjury. Counsel's alternative course of action, if faced with a client who insists on lying, is to seek to withdraw from representing the client.

*Form of Attorney Certification*

The Attorney Certification included in NM LF 4004-1 includes the following language:

> I . . . hereby certify that . . . to the best of my knowledge and belief, each Debtor identified above is in compliance with the provisions of 11 U.S.C. § 521, 1308, and 1328(a), and meets the eligibility requirements for a chapter 13 discharge pursuant to 11 U.S.C. §§ 1328(g)(1) and 1328(h).

Debtor's counsel complains that the Attorney Certification is overly broad to the extent it identifies Code sections that have nothing to do with eligibility to receive a chapter 13 discharge, particularly §§ 521 and 1308. The Court agrees that the references in the Attorney Certification to § 521 (debtor's duties) and § 1308 (filing of prepetition tax returns) exceeds the scope of the Debtor's averments in the Debtor's Certifications and the discharge requirements of § 1328 and should not be required as part of the Attorney Certification.

To satisfy NM LBR 4004-1 in this case, the Court will allow Debtor's counsel to sign a modified Attorney Certification that certifies that counsel has explained to the Debtor the Debtor's Certifications, and that, to the best of counsel's knowledge and belief, the Debtor's Certifications are true and correct (or counsel may use the certification language set forth in § 707(b)(4)(D)). Alternative language for the Attorney Certification in this case is set forth below.

## CONCLUSION

Based on the foregoing, the Chapter 13 Trustee's Objection to the Certification is sustained, in part. Debtor's counsel's signature on the Attorney Certification included in NM LBF 4004-1 does not create an impermissible conflict of interest or violate the attorney-client privilege. The Certification allows the Court to determine that a debtor is entitled to entry of the chapter 13 discharge. The Court will, however, allow Debtor's counsel to sign a modified Attorney Certification in this case which merely certifies that Debtor's counsel has explained the content of the Certification to his client and that, to the best of counsel's knowledge and belief, the Debtor's averments in the Certification are true and correct. Alternatively, Debtor's counsel may seek to withdraw as counsel for the Debtor. If counsel withdraws from representing the Debtor, Debtor may sign and file an amended Certification pro se. The Court is also willing to consider revising NM LF 4004-1 for future cases as part of its regular forms review process, which may include input from local attorneys and the Chapter 13 Trustee.

WHEREFORE IT IS HEREBY ORDERED:

1. Subject to paragraph 2 below, by **July 15, 2022**, Debtor's counsel must either file an Attorney Certification in the form specified by NM LBR 4001-1 or in the following form:

## ATTORNEY CERTIFICATION[16]

I represent the above-captioned Debtor and hereby certify that I have explained to the Debtor the averments set forth above, and to the best of my knowledge and belief, the averments of the Debtor made above are true and correct to the best of my knowledge and belief.

Date:_____

_____
Attorney Signature
Name:_____
Address:_____
          _____
Telephone:_____
Email:_____

     2.     Alternatively, by **July 15, 2022**, Debtor's counsel may file a motion to withdraw from representing Debtor in accordance with NM LBR 9010-2.

     (a)     If Debtor's counsel files a motion to withdraw, then, within 10 days of entry of an order authorizing counsel's withdrawal, Debtor shall sign and file an amended Certification on NM LF 4001-1.

     (b)     Once an amended Certification that complies with the requirements in this Order is filed, the Court will grant the discharge in the ordinary course consistent with the requirements of the Bankruptcy Code.

     (c)     If an amended Certification that complies with the requirements in this Order is not filed by the deadlines fixed in this Order, the Court will close Debtor's bankruptcy case without the entry of a discharge.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: July 1, 2022

---

[16] Alternatively, Debtor's counsel may sign an Attorney Certification that tracks the language of § 707(b)(4)(D):
    I . . . hereby certify that I have no knowledge after an inquiry that the Debtor's averments made above are incorrect.
The language of § 707(b)(4)(D) imposes a more exacting burden on Debtor's counsel than the language in NM LF 4004-1 because it imposes a duty of inquiry.

COPY TO:

Michael Edward Lash
Attorney for Debtor
Michel E. Lash, P.C.
2920 Carlisle Blvd. NE, Suite A-8
Albuquerque, NM 87110

Rhonda Lorie Otero Sedillo
5559 Valle Alegre Road N.W.
Albuquerque, NM 87120

Tiffany M. Cornejo
Chapter 13 Trustee
625 Silver Avenue SW, Suite 350
Albuquerque, NM 87102-3111